IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADELPHIA RECOVERY TRUST, ET AL. | : | |
| Plaintiffs, | : | No. 4:09-MC-00139 |
| v. | : | (McClure, J.) |
| BANK OF AMERICA, N.A., ET AL. | : | |
| Defendants | : | |

**O R D E R**

June 23, 2009

**BACKGROUND:**

Presently before the court is third-party James Rigas' motion for a protective order quashing a subpoena issued by defendants Bank of Montreal and BMO Capital Markets Corp. (the "Banks") to depose Rigas in litigation currently pending in the United States District Court for the Southern District of New York, 05-CV-9050. (Rec. Doc. No. 1). Issued on April 3, 2009, the subpoena indicates that Rigas was to be deposed over three consecutive days (April 28-30) in Coudersport, Potter County, Pennsylvania. (Rec. Doc. No. 2-2, p. 30). The necessary briefs were timely filed and this motion is now ripe for disposition. For the following

1

reasons, we will deny Rigas' motion.

**DISCUSSION:**

In determining whether a protective order is appropriate in the instant case, we are afforded a great deal of discretion. Reif v. CNA, 248 F.R.D. 448, 453 (E.D. Pa. 2008); Jones v. Pennsylvania Greyhound Lines, 10 F.R.D. 153, 154 (E.D. Pa. 1950). Included within our purview is the ability to forestall the deposition or to permit it to go forth only under certain conditions. Clark v. Geiger, 31 F.R.D. 268, 270-71 (E.D. Pa. 1962). To ascertain the appropriate measure, we must balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition. Baratta v. Homeland Housewares, LLC, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)). A protective order will be issued only if the moving party demonstrates good cause. Grosek v. Panther Transp., Inc., 251 F.R.D. 162, 163 (M.D. Pa. 2008) (Munley, J.) (quoting Fed. R. Civ. P. 26(c)). "The 'good cause' required for such an order 'is established when it is specifically demonstrated'" that the deposition "'will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples . . . will not suffice.'" Grosek, 251 F.R.D. at 163 (quoting

Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995)).

It is Rigas' position that the subpoena is invalid because it violates Federal Rule of Civil Procedure 30(d)(1), which provides that, absent an order or stipulation, depositions are limited to one seven-hour day.  Additionally, Rigas claims that the subpoena imposes an undue burden on him pursuant to Federal Rule of Civil Procedure 45(c) because neither he nor his attorney were available during the time set aside for the deposition.

In response, the Banks note that a Deposition Protocol Order (the "Protocol Order"), (Rec. Doc. 2-2, pp. 39-53), governing the depositions taken by the parties in the case, was issued by Magistrate Judge Ronald Ellis on January 6, 2009.  (Rec. Doc. 4, pp. 16-19).  The Protocol Order permits certain witnesses, such as Rigas, to be deposed for up to three seven-hour days by litigation's parties.  (Rec. Doc. No. 2-2, p. 43).  The Banks also contend that even if, as Rigas claims, the Protocol Order does not apply to him, they should be permitted the additional time to depose Rigas because of his "paramount role[] at Adelphia" during "one of the most complex and largest frauds in American history."  (Id. at pp. 16-17, 20-24).

In situations mirroring the one at bar, a judge's order regarding the discovery process, such as the Protocol Order issued by Magistrate Judge Ellis, is normally enforceable, subject to an individual's protestation that the order is unduly

burdensome as it is specifically applied to him. We do not believe the Protocol Order levies such a burden in this case.

While we agree that it is unreasonable to expect Rigas to subject himself to a deposition without counsel, we do not believe that blocking out three days for the deposition is unfair, especially when the prospective deponent need not travel to the deposition. On the contrary, considering the complexities of this case and the myriad of parties and attorneys involved, considerable strain would be placed upon a significant number of individuals if a return to Coudersport was required because we failed to initially allot enough time to properly depose Rigas.

Additionally, Rigas' argument that the Protocol Order is not an order, but an agreement between the plaintiffs and defendants to which he was not involved, is misguided and without merit.[1] Even if the Protocol Order was negotiated by the plaintiffs and defendants, once the court adopted the agreement as its own, it became enforceable to the same extent as any other court order.

Rigas' contention that he has little useful information and that the Banks'

---

[1]Rigas' claim that the Protocol Order does not apply to him because third-party status renders him beyond the limits of the order is incorrect. See In re Intel Corp. Microprocessor Antitrust Litigation, Civ. A. Nos. 05-441-JJF, 05-485-JJF, 2008 WL 5377979, at *1 (D. Del. Dec. 18, 2008) (holding that depositions of third-party witnesses are governed by procedures established by the presiding court).

have already acknowledged that he "'might have some knowledge of the Rigas Family's scheme to defraud Adelphia,'" (Rec. Doc. No. 5, p. 5), is not compelling. See Bynum v. District of Columbia, 217 F.R.D. 43, 51 (D.D.C. 2003) (stating that "'overwhelming authority indicates that an alleged lack of knowledge is an insufficient ground'" to issue a protective order) (quoting Kuwait Airways Corp. v. American Sec. Bank, N.A., Civ. A. No. 86-2542, 1987 WL 11994, at *2 (D.D.C. May 26, 1987)). Rigas has not carried his burden of showing good cause for a protective order, he has neither quantified nor explained what "some" knowledge entails and, as a member of the company's founding family and a board member and high-ranking executive of Adelphia, the Vice President in charge of strategic planning and later Vice Chairman, CEO and COO of Adelphia Business Solutions, James Rigas is in a unique position to provide information regarding Adelphia's day-to-day operations and the litigation pending in the United States District Court for the Southern District of New York. In a case as vast and complex as this one, "some" knowledge may well represent an incredible amount of information, requiring a lengthy examination to elicit. In any event, the relevance of the information being sought from the deponent clearly outweighs the limited burden Rigas would endure if the deposition occupied three seven-hour days.

  Assuming, arguendo, that Rigas fulfills his promise to invoke his Fifth

5

Amendment privilege, he must still do so in response to specific questions.  <u>Clark v. Lutcher</u>, 77 F.R.D. 415, 417 (M.D. Pa. 1977) (Muir, J.) (citations omitted); <u>see</u> <u>also</u> <u>U.S. v. Hansen, 233 F.R.D. 665</u>, 233 F.R.D. 665, 668 (S.D. Cal. 2005) (citations omitted); <u>Moll v. U.S. Life Title Ins. Co. Of New York</u>, 113 F.R.D. 625, 628-29) (S.D.N.Y. 1987).  Rigas cannot rely upon a blanket assertion of the Fifth Amendment privilege to obtain a protective order.  <u>Clark</u>, 77 F.R.D. at 417. Moreover, should Rigas adhere to his plan to consistently invoke the privilege, it is unlikely that he will face the three-day deposition burden with which he seems so concerned.

Consequently, because Rigas would not be unduly burdened by the requested deposition, he is not entitled to a protective order quashing the subpoena.

**CONCLUSION:**

For the aforementioned reasons, we will deny Rigas' motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

1. James Rigas' motion for a protective order quashing the subpoena is DENIED.  (Rec. Doc. No. 1).

2. The Banks cross-motion for a Rule 30(d)(1) Order to enlarge the time

to depose James Rigas is DENIED as MOOT. (Rec. Doc. No. 4-18).

3. Pursuant to the Protocol Order, Fed. R. Civ. P. 26(b)(2) and 30(d)(1), the Banks may depose James Rigas prior to August 1, 2009, in Coudersport, Potter County, Pennsylvania, over three seven-hour days, for a total of twenty-one hours, at dates, times and locations mutually agreed upon by both the deponent and the Banks.

4. The Banks must notify the court of the dates, times and locations selected for the deposition before 5:00 P.M. on June 30, 2009. If such prompt notification is not proffered, the court shall schedule the deposition on its own accord and notify Rigas and the Banks of the dates, times and locations at which the deposition shall be conducted.

5. This order is equally applicable to the Banks' deposing Michael Rigas.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge